■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEAN ZEISER BACH, Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered November 24, 1965, convicting her of murder in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial and a new hearing to determine the voluntariness of appellant's confession ordered. The findings of fact below are affirmed. On May 5, 1965, at about 11:30 P.M., Alfred A. Bach was shot and killed in his home at Hyde Park. His wife, the appellant, was taken from their home to the Sheriff's office in Poughkeepsie. There, after being advised of her right to counsel, she was questioned briefly by a Deputy Sheriff, and then by the District Attorney, an Assistant District Attorney and the Deputy Sheriff from 2:22 A.M. to about 3:30 A.M. on May 6, 1965. During this questioning, which was recorded by a stenographer and later transcribed and which was conducted without counsel being present, appellant confessed to the slaying. She was indicted for murder in the first degree. Before the trial a *Huntley* hearing was held to determine the voluntariness of the confession. At the hearing her counsel requested a copy of the transcription of the confession, but his request was denied. He thereupon sought to learn its contents by cross-examining the stenographer and by offering the statement itself, which had been marked for identification, in evidence. These efforts were also thwarted. At the conclusion of the hearing, without defense counsel gaining access to the confession and without it being examined by the court, the confession was held to be voluntary. It played a major role in the trial which resulted in appellant's conviction. In our opinion, the failure to permit counsel to examine the confession deprived appellant of a fair trial. The question of a defendant's right to pretrial discovery of written statements and confessions made by him is not a novel one as far as the courts of this State are concerned (see, e.g., *People ex rel. Lemon* v. *Supreme Ct.*, 245 N. Y. 24). It has arisen more frequently in recent years because of the over-all liberalized attitude toward pretrial disclosure and also, as far as criminal matters and a defendant's statements and confessions are concerned, because of decisions such as *People* v. *Huntley* (15 N Y 2d 72) and *People* v. *Malinsky* (15 N Y 2d 86). While in civil matters a party has been given the right by statute to obtain copies of his statements (CPLR ·3101, subd. [e]), there has been no such statutory right given a defendant in a criminal case, although more than likely he has more need for it. Several Trial Judges have written well-reasoned opinions in which they concluded that a defendant upon demand was entitled as a matter of right to obtain a copy of any confession or statement made by him in order to insure a fair *Huntley* hearing and/or a fair trial (see, e.g., *People* v. *Quarles*, 44 Misc 2d 955; *People* v. *Abbatiello*, 46 Misc 2d 148). We subscribe to that reasoning. The appellant at bar was denied this right and therefore is entitled to a new hearing and a new trial. In addition, we are of the opinion that the trial court's charge was prejudicial and, were we not ordering a new trial on the ground stated above, we would do so in the interests of justice. The charge was prejudicial in that it failed (1) to define the terms "premeditation" and "deliberation" and (2) to relate the degrees of homicide to the facts of the case. Had the charge been more explicit the jury might have returned a verdict of guilty of a lesser crime than first degree murder. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.