Chief Judge Fuld.
On May 5, 1967, three days after Christa Carfero was stabbed to death, the defendant was taken into custody by two police officers who told him that they wanted to question him. Declaring that he had “ nothing to hide ”, the defendant accompanied them to the police station. Upon his arrival there, he was informed that he was to be questioned about the Carfero murder. Then, when advised of his rights and given the requisite Miranda warnings (Miranda v. Arizona, 384 U. S. 436), he indicated his willingness to answer questions, stating that he “ didn’t do anything ” and did not need a lawyer. His interrogation then began and, after two hours, he admitted that he killed Mrs. Carfero and, some time later, having again been advised of his rights, made a full confession which, reduced to writing by the police, he signed. His indictment for first degree murder followed.
Two months prior to the commencement of the trial, counsel for the defendant moved for inspection of his confession. His application was denied on January 15, 1968. However, he was given a copy of the statement on January 23, during the course of a Hwntley hearing. Finding that the defendant had been *429 adequately advised of Ms constitutional rigMs and had knowingly and intelligently waived them, the judge presiding decided that the confession was admissible in evidence. The trial proper got under way on the following day, January 24.
The pretrial motion for inspection should have been granted and the confession furnished to the defendant in advance of the Himtley hearing. In our view, absent circumstances affirmatively indicating that such an examination would be detrimental to the public interest, an accused is entitled to examine his confession or other statements before the trial begins.[1] The existence of such circumstances has not been shown, or even suggested, in this case. In short, a defendant is entitled to inspect any statements he may have made to the police or other law enforcement officers in order to enable him to intelligently prepare his defense. If there is a question whether a statement is voluntary, its content or wording may prove revealing. Even if the accused acknowledges that he freely made the statement, its examination may be essential since its impact upon guilt may depend upon the way in which the facts are set forth. And, if the statement happens to contain prejudicial matter, defense counsel should be accorded the opportunity to discover that fact prior to the hearing or trial so that he might move to have it deleted.
However, although the motion for inspection should have been granted in this case, its denial may not be said to have been prejudicial The defendant’s lawyer was furnished with a copy of his statement on the day before the trial began. The fact that two officers may have co-operated in writing out the confession — rather than one officer as was indicated by the prosecution—-is of little moment in the context of this case. Since there is no support for the defendant’s claim that he was harmed by not receiving the confession at an earlier date, the error in denying the motion must be regarded as harmless (Code Grim. Pro., § 542).
*430 We have considered the defendant’s other contentions and find them without substance.
The judgment of conviction should be affirmed.
Judges Burke, Bergan and Gibson concur with Chief Judge Fuld; Judges Scileppi, Breitel and Jasen concur in .result only.
Judgment of conviction affirmed.

. The new Criminal Procedure Law, which becomes effective on September 1, 1971 (L. 1970, ch. 996, § 5), expressly provides that a defendant is entitled, as a matter of right, to “ a written or recorded statement ” made to a law enforcement officer, if it is in the custody or control of the District Attorney (CPL, § 240.20, subd. 1, par. [b]).