■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD DAVID, Appellant.— Determination withheld on appeal from a judgment, Supreme Court, New York County, rendered August 29, 1972, convicting the defendant, after trial to a jury, of the crimes of attempted robbery in the first degree and attempted robbery in the second degree. and sentencing defendant to an indeterminate term of imprisonment with a minimum of five years and a maximum of 15 years, and to a conditional discharge, and the matter remitted, in the exercise of discretion and the interest of justice, to the trial court for the reopening and continuance of a hearing on the subject of the voluntary nature of the defendant's statement to Detective John E. Sullivan and for the making of a determination thereon in accordance with CPL 710.60 (subd. 6). At the time this indictment was called ready for trial, the court inquired whether any preliminary motions were required. Counsel for the defendant announced that there was a motion to suppress and the Assistant District Attorney stated that he understood there was a motion to suppress statements "under the theory of the Huntley case" and he was ready to proceed on that hearing. Thereupon Detective John E. Sullivan, called as a witness by the People, testified that at the time of the arrest he advised the defendant of his rights under *Miranda* v. *Arizona* (384 U. S. 436), and the defendant responded that he understood. The officer was asked whether he then had a conversation with the defendant and he testified that he did, but he was not asked nor did he relate the nature or substance of the conversation. No further testimony was elicited by the People from the police officer. On cross-examination the attorney for the defendant developed that the officer asked questions and the defendant gave answers. When counsel inquired as to questions that were asked and the answers that were given by the defendant, the court sustained the objection of the Assistant District Attorney and ruled that "the only issue is whether or not the proper preliminaries were complied with." There followed a colloquy in which the court made clear that it would not permit any cross-examination relating to the content of the statements since the hearing was based on the failure to give the requisite warnings. Thereupon the attorney for the defendant, after excepting to the court's ruling, desisted from any further cross-examination and the court denied the motion to suppress. Upon the trial the defendant's statement to the police officer was received in evidence. The mandate of *Jackson* v. *Denno* (378 U. S. 368) amplified in *People* v. *Huntley* (15 N Y 2d 72) is that a defendant has a constitutional right to a pretrial hearing and a judicial determination with respect to the voluntary nature of any statement made by him during the course of custodial interrogation, provided that the prosecution intends to offer such statement in evidence against him upon the trial of the indictment. Granting that a minimal showing must be made upon behalf of the defendant to bring to bear the prosecution's burden with respect to this constitutionally protected right, nonetheless once such hearing is underway the court has a duty to permit a full exposition of all of the familiar elements that bear on the question of the voluntary nature of the defendant's statement. (CPL 60.45.) Moreover, findings of fact and conclusions of law attesting the voluntary nature of the proferred statement are required by statute. (CPL 710.60, subd. 6.) No meaningful exploration of this issue can be had without any reference to the substance and content of the statement attributed to the defendant. It is crystal clear that without any regard to the discovery rights of a defendant, his counsel is entitled to

cross-examine the interrogating officer with respect to the questions that were asked and the responses made thereto. (*People* v. *Remaley,* 26 N Y 2d 427; *People* v. *Mayo,* 36 A D 2d 798.) The constitutionally required warnings are but one facet of the issue to be determined by the court. Indeed, it is the teaching of post-*Miranda* experience that both the content and the nuances of the interrogation which takes place, after the ritualistic warnings, are of far greater probative value on the issue that must be determined. Accordingly the determination of this appeal must be withheld and the case remanded to the trial court with directions to conduct a *Huntley* hearing which will permit a full exposition of all relevant evidence bearing on the voluntary nature of defendant's statement and the trial court is further directed to make findings of fact and draw conclusions of law upon the basis of the evidence adduced at such hearing. Concur — Kupferman, J. P., Murphy, Capozzoli and Moore, JJ.