OPINION OF THE COURT
Harold Fertig, J.
On September 29, 1978 defendant made an omnibus motion for a bill of particulars, an order of discovery, names of trial witnesses and for Brady material. He also included in that motion a request that certain evidence seized be suppressed and, in effect, requested a suppression hearing.
The People, on October 11, opposed the defendant’s motion by submitting an affidavit in opposition, setting forth a bill of particulars stating that there was no scientific tests conducted and arguing that the names of the witnesses were not discoverable. The People also indicated that they had no knowledge of any material exculpatory in nature which would be subject to the rule set forth in Brady v Maryland (373 US 83).
The People consent to a suppression hearing on the basis of probable cause and further state that the defendant had made no motion for a Huntley hearing, although a notice of a statement made by the defendant had been served on him. They allege, however, that the defendant had made a spontaneous declaration, "All this for two coats?” They argue that because of the spontaneous nature of this statement a Huntley hearing is not required to determine the voluntariness of that statement.
The defendant has moved for an order precluding the People from using the aforesaid statement on the grounds that the notice that was given to the defendant at the time of arraignment on September 19, 1978 was a general form of notice and did not comply with the requirements of CPL 710.30, in that it did not specify the evidence intended to be offered.
The questions remaining to be decided by the court are: first, is a hearing necessary where a statement is claimed to be res gestae and is notice required for such a statement; and second, whether or not the statement was part of the res gestae, was the general notice given to the defendant sufficient to comply with the requirements of CPL 710.30.
In 1964, in the case of People v Quarles (44 Misc 2d 955, 960-961), the court determined that a defendant as a matter of right was entitled to obtain a copy of the transcribed state *1041 ment made by the defendant to the police or District Attorney at the time of his arrest in order for the defendant to properly enable him to prepare a defense in accordance with the dictates of a fair trial. The Supreme Court in that same year, in Jackson v Denno (378 US 368, 380), determined that a defendant is entitled to a fair hearing — "in which both the underlying factual issues and the voluntariness of the confession are actually and reliably determined.”
The following year, the Court of Appeals in People v Huntley (15 NY2d 72, 78) provided that "[t]he prosecutor must, within a reasonable time before trial, notify the defense as to whether any alleged confession or admission will be offered in evidence at trial. If such notice be given by the People the defense, if it intends to attack the confession or admission as involuntary, must, in turn, notify the prosecutor of a desire by the defense of a preliminary hearing on such issue (cf. Code Grim. Pro., § 813-c).”
In determining the meaning of the statute, it is important that the court review the over-all intent and purpose of the notice and the procedures following the notice. In People v Mirenda (23 NY2d 439, 448-449), the Court of Appeals stated: "As we said in People v. Ross (21 N Y 2d 258) 'the obvious purpose of the statute is to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission’ ”. Then, in People v Chirico (61 Misc 2d 157, 158-159), also decided in 1969, the court determined that there are "no statutory provision^] * * * in effect permitting a copy of the alleged confession or admission to be given to defendant or his counsel * * *. It is the opinion of this court, however * * * that the People are compelled to furnish a defendant or his counsel, prior to trial, of a copy of any statement, confessions, or admission made by a defendant at the time of his arrest in the absence of counsel, whenever the defendant or his counsel requests a copy thereof.” (Emphasis supplied.)
Also, in 1969, it was decided in People v Bach (33 AD2d 560), that several Trial Judges had written well-reasoned opinions which concluded that a defendant upon demand was entitled to obtain a copy of any confession or statement made by him in order to insure a fair hearing and a fair trial.
The very purpose of the statutory requirement for notice is to offer a defendant an opportunity for a hearing to determine *1042 the voluntariness of his confession or admission and it is not intended as a discovery device (People v Harris, 25 NY2d 175).
In the following year, 1970, in the case of People v Remaley (26 NY2d 427), the defendant was given a copy of his confession during the course of a Huntley hearing and it was held that the defendant was entitled to inspect any statement which he may have made to the police or law enforcement officers, in order for him to intelligently prepare his defense. In that case there was a motion made by the defendant prior to the hearing for an inspection of his statement, which was denied. The court held that that denial, although it should have been granted, may not be said to have been prejudicial since the defendant’s lawyer was furnished a copy of his statement on the day before the trial began.
Then, in a decision by the County Court of this county (People v Utley, 77 Misc 2d 86, 94), decided in 1974, the court declared: "The public policy of this State abhors the use of incriminating statements without first giving sufficient notice to the defendant and granting him an opportunity prior to litigation, to investigate and plan his defense accordingly”. The case involved a demand by the defendant for an order of discovery as to any oral or written statements made by the defendant. The defendant was served with a general notice that pursuant to CPL 710.30 the People intended to offer evidence of an oral and/or written statement made to a public servant. There were no specifics set forth. The language, although not identical, was substantially the same as that set forth in the notice presented to the defendant in this case. The statute (CPL 710.30) at that time did not require that the notice be served within 15 days after arraignment but rather that the notice be served "before trial”. It did, however, contain the same language in subdivision 1 of that section as in the present statute: "[T]hey must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” The court held that the generalized form of notice must be supplemented where the defendant demands disclosure of his statements and further went on to state that the defendant is entitled to the substance of his oral statements and the particulars as to when, where and to whom they were made. The court reasoned that the statute codified the doctrine laid down in People v Remaley (supra), that defendant upon request is entitled to pre-Huntley disclosure.
The Court of Appeals, in People v Briggs (38 NY2d 319, *1043 323), cited People v Utley (supra) with approval, and went on to state that independent of considerations of challenging the voluntariness of his statements, considerations of fair play demand that a possibly unaware defendant be apprised before trial of any incriminating statements intended to be offered against him. The court also reasoned that often a defendant himself might be aware of a prior statement or the likelihood that the prosecutor might offer that statement. However, there is a reasonable probability that he may not be aware of such statement and a probability of his counsel’s unawareness.
And so it has been repeatedly held that the purpose of the notice is to give the defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission and to help him prepare for trial and that this is done in all fairness of the trial itself and to the parties concerned. The defendant in this case argues that since the District Attorney in his notice did not specify the statements made within the 15-day period, that, in effect, defendant has received no notice and should be precluded from using such statement in the trial of this action. Is the argument truly in the general spirit of the decisions set forth which expound the virtues of the procedures that fulfill the requirements for fairness in the pretrial and trial procedures, or has the defendant sat back waiting to take advantage of a technicality?
Prior to 1974, where a defect existed in an information or an indictment, defendants would wait until the trial commenced to make a motion to dismiss on the basis of that defect. Such motion was made at a time when jeopardy had attached and the prosecutor could no longer remedy the defect. The Legislature in 1974 adopted CPL 255.20 requiring all such motions be made within 45 days of arraignment to avoid the pitfall just set forth and to hasten the pretrial proceedings. When CPL article 255 was adopted, motions for suppression were included in that time limitation. CPL 710.40 (subd 1) specifically provides that any motion for suppression must be made within the period provided in CPL 255.20 (subd 1).
Defendants were, therefore, required to make their motions for a suppression hearing within a limited period of time. However, the prosecutor at that time was not required to submit his notice of intention to use an admission or *1044 confession until sometime "before trial”. In order to bring all of the procedures in conformity, CPL 710.30 was amended to require the People to give notice of potentially suppressible evidence within 15 days after arraingment. This was done to hasten the pretrial proceedings and to conform with the intent of CPL 255.20. Pretrial suppression motions made in a local criminal court may no longer be deferred solely on the request and the option of the prosecutor until the trial itself (see Bellacosa, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.40,'p 160; CPL 255.20). It will be noted that CPL 255.20 specifically provides for an extension of the 45-day period until after the last date of the service of notice to the defendant in lieu of 45 days from arraignment. The general tenor of the statutes and the case law provides for fairness in the treatment of the trial and the hearing prior to trial. In all fairness, the court recognizes that the District Attorney will not be able, in most cases to investigate an alleged crime sufficiently within 15 days after arraignment, to provide all of the specifics of the evidence intended to be presented. The defendant, upon being apprised that a statement is intended to be used, is put on notice and upon request must be furnished with that statement. The reasoning and the principles set forth in People v Utley (77 Misc 2d 86, supra) have not changed. CPL 255.20 also provides for an extension of time beyond the 45-day period for the making of a motion in the event that the defendant could not with due diligence have made such a motion. That would protect the defendant in the event the specifics had been delayed.
In order for a hearing to be held under CPL article 710, there must be an averment by the defendant that the statement or admission which the prosecutor is about to use was involuntarily made. Without that allegation by the defendant he is not entitled to a hearing (People v Spatarella, 34 NY2d 157). Since CPL 255.20 provides the sole method by which a defendant may obtain an adjudication of the involuntariness of a statement to be used by the prosecution during trial by a pretrial hearing (People v Selby, 53 AD2d 878), the defendant, by not making a motion for a suppression hearing pursuant to CPL article 710 within the time prescribed by CPL article 255 proceeds at his own peril, and may waive the right to such pretrial hearing.
The court finds that the notice served by the District Attor *1045 ney at the time of arraignment meets the general and over-all spirit and meaning of the statute and complies with its requirements. It provides the defendant with notice and gives him an opportunity to demand a pretrial hearing and, upon request, in a sufficient time prior to that hearing, he can be furnished with the exact wording or substance of any statements in question. In all fairness, that sufficiently prepares him to meet the question of involuntariness on the hearing and the introduction of any voluntary statement in the course of a trial.
The other question presented by the District Attorney is whether the statement was part of the res gestae requiring no notice. If it is determined that the statement in question is part of the res gestae then no notice pursuant to CPL 710.30 is required (People v Utley, supra). Any statements made while a defendant is in custody, if volunteered or spontaneous, even before Miranda warnings are given, are admissible (People v Kaye, 25 NY2d 139; People v Brown, 86 Misc 2d 339). Where the defendant raises the question of voluntariness of his statement a hearing is required under CPL 60.45 (People v Mirenda, 23 NY2d 439, supra; People v Agnostopulos, 77 Misc 2d 668; People v Harden, 17 NY2d 470), even where no notice is required. The court must then determine whether the statement was spontaneous and, therefore, voluntary. In any event, it has been determined that notice has been given pursuant to CPL 710.30.
The defendant argues that it has not made application for a pretrial hearing on the ground that the notice which was given to it was not a notice in conformity with CPL 710.30 and, therefore, no notice. Since the court has determined that the notice was sufficient, a demand for a hearing would have had to have been given within 45 days of the said notice. Defendant further claims that he is not now demanding a pretrial suppression hearing. That is rather a question of semantics. The defendant in his memorandum of law states: "they must be precluded from using defendant’s alleged statement at trial.” The defendant has not waited until the trial itself to object to the statement but has seen fit at this point prior to trial to move to have the alleged statement precluded. As such, the court deems it to be a motion for the suppression of the defendant’s statement, which requires a hearing. In following the principles of fairness, the court finds that the delay in furnishing the specifics of the defendant’s statement *1046 is sufficient good cause for the failure of the defendant to move within 45 days pursuant to CPL 255.20.
For all of the reasons set forth above, a Huntley hearing shall be held, which hearing is set down prior to trial.