OPINION OF THE COURT
Ruth Pickholz, J.
Defendant is charged with petit larceny (Penal Law *595 § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). He moves to suppress certain physical evidence on the ground that it was the product of a statement that had been "involuntarily made” within the meaning of CPL 60.45 (2) (a).
In a written opinion dated April 20, 1992, this court granted defendant’s motion to suppress statement evidence (see, 154 Misc 2d 585). Defendant has been charged with stealing the contents of a mail package entrusted to him in his capacity as a United Parcel Service (UPS) employee. The court found, among other things, that an oral admission made by defendant to certain UPS employees had been obtained by "undue pressure which impaired the defendant’s * * * mental condition to the extent of undermining his ability to make a choice whether or not to make a statement” (CPL 60.45 [2] [a]). Very shortly after defendant made this statement, a UPS loss prevention supervisor asked him as to the whereabouts of the package invoice. Defendant took out his wallet and handed the supervisor a slip of paper, which was later identified as the invoice for the allegedly stolen merchandise.
Defendant argues that all evidence of the alleged invoice should be suppressed on the ground that the invoice was a direct product of the UPS officers’ "unlawful questioning.” In fact, the court did not hold that defendant’s interrogation was illegal, but that his statement was involuntary. However, even assuming that the invoice was a "fruit” of the statement, defendant has failed to set forth a legal basis for suppression.
The provisions of CPL 60.45 apply to private as well as public actors. (People v Grillo, 176 AD2d 346 [2d Dept 1991].) The statute is limited by its terms to statement evidence. It provides, in pertinent part: "1. Evidence of a written or oral confession, admission, or other statement made by a defendant with respect to his participation or lack of participation in the offense charged, may not be received in evidence against him in a criminal proceeding if such statement was involuntarily made.”
A finding that a statement was involuntary does not mandate a conclusion that physical evidence obtained as a direct or indirect result of the statement is subject to suppression under CPL 60.45. The general rule is that private conduct — no matter how abhorrent — does not render evidence inadmissible in subsequent civil or criminal proceedings. (People v Ray, 65 *596 NY2d 282 [1985].)* The Legislature has created a limited exception to this rule in CPL 60.45. However, the scope of the exception is expressly limited to "written or oral confession^], admission[s], or other statements] made by a defendant”.
The court finds that CPL 60.45 does not authorize the suppression of physical evidence, even where such evidence is arguably the "product” of a statement that is itself suppressible under the statute. Defendant’s motion to suppress evidence of the alleged package invoice is therefore denied.

 The purely private acts of private citizens do not implicate the Fourth, Fifth or Sixth Amendments, all of which were "meant to regulate government activity” (People v Jones, 47 NY2d 528, 533 [1979]). People v Harris (77 NY2d 434 [1991]), cited by defendant, is distinguishable for this reason. That case involved statements obtained by police officers in violation of the defendant’s right to counsel.