OPINION OF THE COURT
James A. Yates, J.
Defendant, Ciro Sorbo, has moved to suppress statements he alleges were made involuntarily to private individuals and, as well, the fruits of those statements. The People maintain that the defendant’s statements were made voluntarily. In the alternative, they assert that the fruits of a statement made to *392 a private party, whether voluntary or not, are not subject to suppression. In addition, the People demand that the defendant specify the statements he claims were illegally obtained. At the same time, however, they oppose disclosure of statements in their possession and ask this court to reconsider its previous disclosure order on the ground that they are under no statutory obligation to disclose statements made by the defendant to private parties.
For the following reasons the court determines that the fruits of statements made involuntarily to private parties are subject to suppression and that the People should disclose statements made by the defendant to private persons which may be in their possession.
Defendant is charged with several counts of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. The defendant was observed entering a car parked on 35th Street and then leaving. A short time later the owners of the car returned and discovered that personal property was missing from the car. A retired New York City police lieutenant, who had seen Mr. Sorbo in the car, canvassed the area with the car owners and spotted him. There was a physical confrontation between the owner of the car and the defendant. The defendant stated that he would reveal the location of the stolen property if they did not call the police. As the defendant was leading the car owners to an area where some of the stolen property was later recovered, but before he disclosed the precise location of the property, the police arrived and the defendant was arrested. The defendant seeks to suppress the statements he made to the private parties and any fruits of those statements.
In a prior ruling, upon the defendant’s omnibus motion, this court held that: "[I]f the People are aware of any statements made by the defendant to any person other than 'a public servant engaged in law enforcement activity or by a person then acting under his direction or in cooperation with him’ which would be inadmissible pursuant to section 60.45 of the Criminal Procedure Law if involuntarily made, and if they intend to use such statements as part of either their direct or rebuttal case, or on cross-examination, they are directed to give notice of such statements and disclose their contents forthwith.”
It is the statements made to private parties that the defendant contends were involuntary and that the People do not wish to disclose prior to trial.
*393 Suppression of Statements to a Private Party
CPL 710.40 requires a trial court to make a pretrial determination of the voluntariness of a defendant’s statements which the People intend to use at trial. Involuntary statements, whether made to a police agent or a private party, are inadmissible at a criminal proceeding. An involuntary statement is one obtained: "By any person by the use or threatened use of physical force upon the defendant or another person, or by means of any other improper conduct or undue pressure which impaired the defendant’s physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement”. (CPL 60.45 [2] [a] [emphasis added].) The United States Constitution does not mandate exclusion, in a State criminal proceeding, of an involuntary confession made to a private party. In Colorado v Connelly (479 US 157, 166 [1986]), the Supreme Court held that coercion by police or other State officer is necessary to a finding that a confession is involuntary, stating that "[t]he most outrageous behavior by a private party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause.”
On the other hand, it has long been the law in New York that a defendant’s involuntary statement, whether obtained by the police or a private individual, may not be used against him or her.[1] If statements are shown to be involuntarily made they "may not be received in evidence against” a defendant. (CPL 60.45 [1].) This means they may not be used as part of direct examination, cross-examination or rebuttal. (People v Harris, 25 NY2d 175, affd 401 US 222 [1971]; see, People v Maerling, 64 NY2d 134 [1984]; Mincey v Arizona, 437 US 385 [1978]; see also, People v Moore, 159 Misc 2d 501 [Sup Ct, NY County 1993].) At a hearing on the defendant’s motion the burden is on the People to prove, beyond a reasonable doubt, that the defendant’s statements were voluntary. (People v Huntley, 15 NY2d 72 [1965]; People v Valerius, 31 NY2d 51 [1972].) These rules apply whether the statement is made to the police or to a private party. (People v Grillo, 176 AD2d 346 [2d Dept 1991]; *394 196 AD2d 884 [2d Dept 1993], lv denied 82 NY2d 895 [1993], cited with approval People v Pagan, 211 AD2d 532 [1st Dept 1995], lv denied 85 NY2d 978 [1995].)
Suppression of the Fruits of a Statement to a Private Party
There is scant authority on the issue of whether the fruits of an involuntary statement made to a private party must be suppressed. The two reported cases confronting the issue, People v Padilla (154 Misc 2d 594 [Crim Ct, NY County 1992]) and People v Lanquetot (104 Misc 2d 179 [Sup Ct, NY County 1980]), reach opposite conclusions. In Lanquetot, the defendant in a murder prosecution was beaten by friends of the decedent to obtain a confession and property taken from the decedent’s home. The court found that once a violation of CPL 60.45 was established, "[p]roper enforcement of this statute requires this court to exclude both the use and the 'fruits’ acquired as a result of the violation of statute. In the instant case, 'fruits’ would encompass certain physical evidence, i.e., the mixing jars and cash, which were seized as a result of their being pointed out by the defendant after being subjected to beatings and threats. Consequently, none of these 'fruits’ may be introduced at trial.” (People v Lanquetot, supra, 104 Misc 2d, at 183.) In contrast, the Padilla court concluded "that CPL 60.45 does not authorize the suppression of physical evidence, even where such evidence is arguably the 'product’ of a statement that is itself suppressible under the statute.” (People v Padilla, supra, 154 Misc 2d, at 596.)
While both courts discussed policy issues surrounding the exclusionary rule and State action, neither the Padilla opinion (supra) nor the Lanquetot opinion (supra) addressed what appears to be clear statutory authority on the issue. CPL 710.20 states, in part:
"Upon motion of a defendant who (a) is aggrieved by unlawful or improper acquisition of evidence and has reasonable cause to believe that such may be offered against him in a criminal action * * * a court may, under circumstances prescribed in this article, order that such evidence be suppressed or excluded upon the ground that it * * *
"3. Consists of a record or potential testimony reciting or describing a statement of such defendant involuntarily made, within the meaning of section 60.45; or
"4. Was obtained as a result of other evidence obtained in a manner described in subdivisions one, two and three”.
Two observations should be made about this carefully drawn statute. First, the defendant has a right to move to suppress an *395 involuntarily made statement whenever he or she has "reasonable cause to believe that such may be offered against him.” (CPL 710.20.) The right to a motion, hearing and ruling is not contingent upon receipt of notice under CPL 710.30 (1) (a). The notice provision is limited solely to situations where the People intend to offer a statement made to a public servant. On the other hand, CPL 710.20 affords a right to suppression when a defendant reasonably fears use of an involuntary statement against him even in the absence of notice or police involvement.
The second salient feature of CPL 710.20 is the explicit directive in subdivision (4) requiring suppression of the derivative evidence, or "fruits”, of an involuntarily obtained statement. Subdivision (3) speaks of an involuntarily made statement "within the meaning of section 60.45”. It does not limit itself to an illegally obtained statement made to a public servant. (See, e.g., People v Paulin, 25 NY2d 445 [1969]; People v Lavin, 182 AD2d 710 [2d Dept 1992] [suppressing physical evidence obtained as a result of an involuntary statement made to police].) The fruits of an involuntary statement as defined in CPL 60.45 (2) (a), which includes statements obtained by private parties, are inadmissible by the plain language of CPL 710.20 (4).
Accordingly, this court is not free to choose between the policy arguments addressed in Lanquetot (supra) and Padilla (supra), but instead is bound by the direct mandate of the statute to include fruits of the statements as items properly encompassed in the defendant’s motion to suppress.
Discovery of a Defendant’s Statements
Upon the demand of a defendant, CPL 240.20 requires the disclosure of statements of the defendant made to public servants engaged in law enforcement activity or their agents. Even in the absence of a request, CPL 710.30 (1) also requires the People to inform a defendant if they intend to use statements "made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible”. This notice must be given by the People within 15 days of arraignment. (CPL 710.30 [2].)
The People are under no explicit statutory obligation to disclose the defendant’s statements if made solely to private parties. This makes sense because while it is fair to place an affirmative duty upon the People, as part of their case preparation to quickly become aware of, and to gather, statements made to *396 law enforcement officials, it may not be fair to place those same obligations on the People with respect to civilian witnesses. Statements made to private individuals are not as readily ascertainable. Since the consequence of noncompliance with the statutory notice provisions is preclusion of the use of the statement at trial (People v O'Doherty, 70 NY2d 479 [1987]), it makes sense to exclude less accessible statements from the notice requirements. In the case of statements to private individuals, preclusion would be a harsh remedy given the relative difficulty in gathering them. As such, the Legislature, wisely, has not embraced statements made to private parties in the notice and preclusion provisions of CPL 710.30.
On the other hand, a defendant is entitled to a judicial determination of admissibility of a confession outside the presence of the jury. (Jackson v Denno, 378 US 368 [1964].) Further, CPL 710.40 (3) provides, "[w]hen the motion is made before trial, the trial may not be commenced until determination of the motion.” The purpose of this requirement is to allow the defendant a fair opportunity to contest admissibility while avoiding unfair surprise. The provision also serves judicial economy by preventing the interruption of trials to resolve suppression issues that would otherwise arise midtrial. (See, e.g., People v Slater, 53 AD2d 41 [4th Dept 1976].) Finally, pretrial resolution of suppression issues affords the People the option to appeal an adverse ruling without risk of jeopardy having attached.
The rule mandating a pretrial determination of the voluntariness of the defendant’s statements is all inclusive. It applies with equal force to statements made to public officials and private persons. Unlike the notice and preclusion provisions, the rule requiring a pretrial determination of admissibility does not, and for the policy reasons discussed above should not, distinguish between confessions made to public servants or to private persons.
In this case, the People have acknowledged that they have statements made to a private party by the defendant in their possession. They also acknowledge that they intend to use the statements at trial. However, they point to a gap in the statutory scheme as justification to resist disclosure. They concede that:
CPL 710.40 requires a hearing and determination before trial may commence;
CPL 710.60 (3) (b) requires a hearing on the voluntariness of the defendant’s statements even in the absence of any factual *397 allegations by the defendant in support of a request for a hearing;[2] and
The People, at the hearing, have the burden of proving voluntariness beyond a reasonable doubt.
But, they argue, the statute does not explicitly require disclosure of statements to private parties and, therefore, the People should not be compelled to disclose the statements. Instead, they contend, the defendant should first allege that he made certain admissions and, thereafter, the People may demonstrate their voluntariness.
However, as previously indicated, the statute imposes no duty upon the defendant to make factual allegations in support of a hearing on the voluntariness of his statements. This court is without the power to erect a barrier to a pretrial hearing which the Legislature has eschewed.
At the hearing, the People will have the initial burden of going forward and the statements made by the defendant will necessarily be elicited. Once the hearing has begun, "the court has a duty to permit a full exposition of all of the familiar elements that bear on the question of the voluntary nature of the defendant’s statement” and "[n]o meaningful exploration of this issue can be had without any reference to the substance and content of the statement attributed to the defendant.” (People v David, 44 AD2d 548 [1st Dept 1974].) In David the Court held that "[i]t is crystal clear that without any regard to the discovery rights of a defendant, his counsel is entitled to cross-examine the interrogating officer with respect to the questions that were asked and the responses made thereto.” (Supra, at 548-549.)[3] Accordingly, the issue before the court is not whether the People will disclose the statements, but when they should do so.
It would be unfair and a waste of judicial resources to conduct a hearing without requiring the People to disclose the defendant’s statements in advance. Only the People know which statements they intend to use at trial. It makes little *398 sense to have the defendant guess which statements the People intend to use and even less sense to litigate the voluntariness of statements which the People do not intend to use.
In this case, as is often the case, the pretrial hearing is scheduled to take place immediately prior to trial. Delayed disclosure creates a substantial risk of unnecessary continuances and adjournments. The People have advanced no policy arguments against disclosure. There has been no claim that the statements are privileged, confidential or in need of a protective order.[4] Their only objection is the lack of explicit statutory authority for disclosure.[5] However, Judiciary Law § 2-b (3) provides that a court of record may "devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.” That section was created precisely for situations such as the one with which the court is presented. While the statute and common sense require disclosure, and no argument has been propounded in favor of delay, the "gap” in CPL articles 240 and 710 may be filled by the ameliorative powers vested in the court by Judiciary Law § 2-b (3). Disclosure is necessary to implement the mandate of a pretrial determination find, as such, the power to order disclosure may be properly inferred.
For all of the above reasons disclosure of the defendant’s statements made to private parties which the People intend to use, either upon direct examination, cross-examination or rebuttal, is ordered and a hearing is set for September 10, 1996 to be followed by a trial on this matter.

. See, e.g., the predecessor to CPL 60.45, enacted in 1881, Code of Criminal Procedure § 395. See also, People v Mondon (103 NY 211, 219 [1886]), citing authority favorably for the proposition that " 'a confession whether made under an official examination or in discourse with private persons, which is obtained from a defendant either by the flattery of hope or by the impression of fear, however slightly the emotions may be implanted, is not admissible in evidence.’ ”

. Compare, People v Mendoza, 82 NY2d 415 (1993).

. The David Court pointed to People v Remaley (26 NY2d 427, cert denied 400 US 948 [1970]) for support of its holding. In Remaley, the Court of Appeals held that a defendant was entitled to a copy of his statements made to law enforcement officers prior to the Huntley hearing. The Remaley Court determined that, absent special concerns, fairness and judicial economy require that a defendant be allowed access to his confession prior to the hearing or trial. The Court noted that, with respect to Huntley hearings, "[i]f there is a question whether a statement is voluntary, its content or wording may prove revealing.” (Supra, at 429.)

. See, CPL 240.50.

. Of course, the defendant could ask the court to order disclosure, on a reciprocal basis, pursuant to CPL 240.20 (1) (c). Similarly, a subpoena could issue to obtain necessary documents or to compel attendance of the witnesses to the statement pursuant to CPL 610.20 (3). (See, People v Colavito, 87 NY2d 423 [1996].) Another solution would be to order disclosure of those portions of the Grand Jury minutes that contain statements that the People did introduce and which they are likely to use at trial. However, the least intrusive and most efficient means is to order disclosure of the defendant’s statements in the People’s possession.