THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA REED, Appellant. [668 NYS2d 858] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of petit larceny (Penal Law § 155.25) and scheme to defraud in the second degree (Penal Law § 190.60). Defendant, a caseworker with the Erie County Department of Social Services Adult and Family Services Division, allegedly misappropriated client funds. We reject the contention of defendant that admissions that she made during an investigatory interview were made under the threat of loss of employment (*see, Garrity v New Jersey,* 385 US 493; *People v Avant,* 33 NY2d 265, 271). Although defendant was told that, if she was not willing to cooperate, it "would shed a certain kind of light on her in terms of what her role in this whole thing was", that is not the type of explicit or implicit threat that serves to immunize defendant's subsequent responses to questioning (*see, United States v Indorato,* 628 F2d 711, 716, cert denied 449 US 1016). Defendant was not presented with the Hobson's choice of either waiving her rights or facing immediate discharge if she did not.

Furthermore, Supreme Court erred in refusing defendant's request for an instruction pursuant to CPL 60.50 with respect to the admission of defendant that she "got $100" from one of the victims. That error is harmless, however, because the court subsequently dismissed the petit larceny count relating to that victim, and the error did not affect the other counts of the indictment.

Additionally, defendant failed to object before a witness was sworn and thus failed to preserve for our review her contention that the court abused its discretion in allowing that witness to be sworn without inquiring into her capacity (*see,* CPL 470.05 [2]). In any event, "[t]he capacity of a person to be a witness is presumed" (*People v Rensing,* 14 NY2d 210, 213), and "the

mere fact that [a witness] is mentally ill does not per se render his testimony incompetent" (*People v Green*, 75 AD2d 502). There is no indication in the record that the court abused its discretion in permitting the witness to give sworn testimony (*see, People v Schultz*, 149 AD2d 919, *lv denied* 74 NY2d 819).

We also reject the contention of defendant that she was entitled to a circumstantial evidence charge with respect to the petit larceny count relating to Renita Johnson. The admissions of defendant constitute direct evidence of her guilt (*see, People v Daddona*, 81 NY2d 990). Upon our review of the record, we conclude that the petit larceny conviction is supported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Scheme to Defraud, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.