■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BLAIR, Appellant. [819 NYS2d 626]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 19, 2003, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

The victim was walking down the street in the City of Albany when defendant reached into the victim's pocket, removed $31, then ran away. After the victim called police, he gave them a description of the perpetrator's clothing and that he was a young black male. Upon observing that defendant matched that description, an officer approached defendant on the street and another officer brought the victim by that location, at which time the victim identified defendant as the perpetrator. Following a

trial, a jury convicted defendant of grand larceny in the fourth degree. Defendant appeals.

County Court's *Sandoval* ruling did not constitute an abuse of discretion. Although defendant's robbery conviction was similar to the current charge, similarity alone is insufficient to preclude cross-examination (*see People v Hayes*, 97 NY2d 203, 208 [2002]). The court appropriately struck a balance by permitting inquiry regarding only nine of defendant's 26 prior convictions, and limited inquiry on some of them by precluding the nature of the charge (*see People v Ward*, 27 AD3d 776, 777 [2006]).

The victim's testimony was legally sufficient, by itself, to support the conviction. A person's capacity to be a witness is presumed and a complainant's mental illness does not per se render that person's testimony incompetent or incredible (*see People v Reed*, 247 AD2d 900, 900-901 [1998], *lv denied* 92 NY2d 859 [1998]; *People v Kwok Chan*, 110 AD2d 158, 161 [1985], *lv denied* 66 NY2d 920 [1985]; *People v Green*, 75 AD2d 502, 502 [1980]). Although the victim was diagnosed with paranoid schizophrenia and had not taken his medication on the day he testified, the record fails to establish that he lacked sufficient intelligence or capacity to understand the nature of the oath (*see* CPL 60.20 [1], [2]; *People v Reed, supra* at 901). Giving due deference to the jury's credibility determinations (*see People v Haight*, 19 AD3d 714, 716 [2005], *lv denied* 5 NY3d 806 [2005]), which favored the victim over defendant, the weight of the evidence supports the verdict as opposed to defendant's version that the victim, who was a stranger, asked him to help purchase crack cocaine but became upset with defendant because he felt the cocaine was fake.

Defendant's argument regarding alleged prosecutorial misconduct was not preserved for our review through proper objections (*see People v Wilt*, 18 AD3d 971, 972 [2005], *lv denied* 5 NY3d 771 [2005]). Were we to review this argument, the prosecutor's summation constituted fair comment on the evidence or a reasonable response to the defense summation. The prosecutor's action in holding defendant's lengthy rap sheet while questioning him about his prior convictions, while perhaps unnecessary, did not violate County Court's *Sandoval* ruling. The prosecutorial misconduct, if any, was not pervasive or flagrant so as to impede defendant's right to a fair trial (*see id.* at 973). Likewise, the People did not commit a *Brady* violation, as there is no proof that the People were aware of the victim's mental illness until he revealed it on cross-examination.

Defendant asserts that counsel should have moved for an

adjournment and subpoenaed the victim's psychiatric records when he discovered the victim's diagnosis. Notwithstanding the lack of psychiatric records, counsel adequately cross-examined the victim regarding his diagnosis and medical regimen, and gained an acknowledgment that his condition can prevent a person from being able to distinguish right from wrong. Counsel effectively utilized this mental condition and its effect on the victim's testimony during summation. Defendant further asserts that counsel was ineffective because he did not argue on the suppression motion that the police lacked suspicion to stop defendant. At the suppression hearing, sufficient evidence was presented to establish that the police reasonably approached defendant on the street after observing that he matched the description of the perpetrator (*see People v Jackson*, 2 AD3d 893, 895 [2003], *lv denied* 1 NY3d 629 [2004]), and the showup identification was properly conducted (*see People v Lockhart*, 12 AD3d 842, 843-844 [2004], *lvs denied* 4 NY3d 800, 5 NY3d 765 [2005]). Thus, counsel provided defendant meaningful representation.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.