■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MINER CURTIS, VIII, Appellant. [839 NYS2d 637]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered February 25, 2005, upon a verdict convicting defendant of the crime of stalking in the second degree.

Defendant was convicted after a jury trial of stalking in the second degree. Defendant's sole contention on this appeal is that the weight of the evidence does not support his identification as the perpetrator of the crime. The victim testified that on three separate occasions, between December 24, 2003 and December 28, 2003, a white male, unknown to her, would drive up to her and repeatedly ask if she wanted a ride. When she refused, the perpetrator would continuously circle the block and attempt to engage her in conversation. On the third occasion, the victim claimed that the perpetrator asked to have sex with her, threatened to kill her if she did not get in his vehicle and displayed what appeared to be a firearm (see Penal Law § 120.50 [3]; § 120.55 [1]). The victim was unable to positively identify defendant either from a photo array or at trial. She did, however, testify that the perpetrator had short pieces of hair which protruded from under his cap.

Defendant produced his hair stylist who testified that defendant always got a short, "military type" haircut, no longer than one eighth to one quarter of an inch tapered from the ears toward the top of his head. The defense also produced the salon records indicating that defendant got his hair cut on December 23, 2005. On cross-examination, however, the stylist testified that she was not working that day and did not cut his hair in that style at that time. Moreover, during their investigation, the local police obtained statements from defendant which included

that he was "probably" the person that the police were looking for because he liked to drive around and look for girls, but he "never had a gun." Moreover, he admitted to an encounter with the victim and identified her from a photograph.

Viewing this evidence in a neutral light (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Blair*, 32 AD3d 613, 614 [2006]), we find that the weight of the evidence supports the jury's identification of defendant as the perpetrator of this crime (*see* CPL 470.15 [5]; *People v Bleakley, supra* at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964-965 [2006]; *People v Maxam*, 301 AD2d 791, 792 [2003], *lv denied* 99 NY2d 617 [2003]). We therefore affirm his conviction.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.