Van Voorhis, J.
The defendant was charged with stealing cash and checks of the value of $555.77 from the office of Montauk Freightways on September 20,1963. Police officers went to a hotel in response to a call from the clerk who reported an unrelated *520 attempted robbery. One of the officers found a check on the window sill of a washroom. The check was identified as one stolen that day, along with cash, from Montauk Freightways. The defendant and another man were taken into custody. After defendant had been taken to the police station, his automobile was searched. The search produced a valise containing clerical garb and an identification card stating that the defendant was a member of the ministry. After a suppression hearing the objects found in defendant’s car were found to have been illegally seized and not admissible on the trial. The check found in the washroom was found not to be the subject of an illegal search and seizure and it was held that the statements or admissions made by the defendant relating to the check would be admissible on the trial. Detective Greene testified at the trial that the defendant informed him that he, dressed as a minister, was at the office of Montauk Freightways on the morning of September 20, 1963, that he solicited money and, when refused money, he took from the office a bag containing checks and cash.
The Appellate Division affirmed without opinion (25 A D 2d 718).
The defendant argues that he was prejudiced by the refusal of the trial court to exclude as a matter of law his entire confession to Detective Greene on the basis that it was all the product of an illegal search and seizure; that he was prejudiced by the refusal of the Appellate Division to remand the ease on the issue of voluntariness of his confession according to the procedure set out in People v. Huntley (15 N Y 2d 72).
The trial court was correct in ruling that “ The check that was found in the men’s room in the lobby of the hotel was not the subject of an illegal search and seizure. Therefore, the Court holds that any statements or admissions made by this defendant relating to the check will be admissible upon his trial. ’ ’
It was this check which triggered the admissions against interest which might' have been suppressed under People v. Rodrigues (11 N Y 2d 279), Wong Sun v. United States (371 U. S. 471, 485) and similar cases if the check had been unlawfully seized. Since the check was lawfully obtained by the police these admissions were not subject to the fruit .of the poisonous tree doctrine. ...
*521 The dissenting opinion appears to imply" that wherever an inculpatory statement has been made by an accused after being confronted Avith illegally seized evidence, a mantle of protection is thrown around every admission Avhich he may afteiuvard make to a law-enforcement officer Avhether or not it was prompted by his being confronted Avith the illegally seized article. In the present instance,.the officer testified at the suppression hearing that he found, the check lying on the ledge between the windoAv and screen in the Avashroom of the hotel, Avhcre someone had apparently thrown it in order to get rid of it. The officer testified:
‘ ‘ Q. Did you have a check made out to Cash and drawn upon the account of Montauk Freightways? A. Yes, sir.
“ Q. Did you show that to the defendant as you interrogated him in the 114th? A. Yes, sir.
“ Q. Did the defendant say anything to you about that? A. Yes, sir. He told me that he kept — I asked him why he kept this check and had thrown aAvay the other checks. He told me he had kept this check because it was made out to Cash.”
The fruit of the poisonous tree rule was designed to discipline law-enforcement officers rather than because of any bearing which it has on the guilt or innocence of a defendant. It seems to us that it would strain this rule to the breaking point to hold that it applies to this conduct of this police officer. He had not previously identified this check as having been taken by him from the office of Montauk FrcigktAvays, and effective laAV enforcement demanded that the officer ask him about the check. He should not be held to have violated his official duty for the irrelevant reason that defendant had previously stated that he had taken a bag containing cash and some checks from the office of Montauk Freightways Avhen he Avas confronted Avith the clerical garb that he was wearing at the time. That did not signify that he could not be asked any more specific questions the ansAvers to which might bear upon Avhether he was guilty. Neither law nor justice has any interest in preventing prosecution for crime to that extent. It is not disputed that this check had been legally seized, and he could be confronted Avith it.
Even though there was no evidence that these statements to the police Avere coerced, it is the rule established in People v. Huntley (15 N Y 2d 72, supra) that there shall be a Huntley *522 hearing even though a confession or admission against interest is admitted without any objection or assertion by him or his witnesses as to voluntariness if the trial court has charged the jury on that subject. This court requires a hearing if the trial court has charged the jury on voluntariness which, in this case, occurred.
The judgment appealed from should be modified so as to direct a hearing upon the voluntariness of these statements by the defendant to the police pursuant to People v. Huntley (15 N Y 2d 72) and, as so modified, affirmed.