■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE SELBY, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 20, 1975, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant in this case was indicted for the crime of attempted robbery in the first degree. With the indictment, the People served a statement pursuant to CPL 710.30 (subd 1, par [a]) to inform defendant that they intended to offer a written confession in evidence against him. Although defendant thereafter made two separate omnibus motions under CPL article 255, he never sought, prior to the trial, to challenge the voluntariness of the confession. At the trial, however, defendant's entire case was based upon the claim that the confession was involuntary. The trial court, at defendant's request, charged the jury on the issue of voluntariness. On appeal, defendant cites the case of *People v Chennault* (20 NY2d 518, 521–522) for the proposition that the trial court erred in failing to hold a separate hearing outside of the presence of the jury on the issue of voluntariness, once it determined to submit that issue to the jury in its charge. While there is no question that such a hearing was required by the holding in *Chennault,* it is our opinion that the recent enactment of CPL article 255 has provided the sole method by which a defendant may obtain an adjudication by a Judge of a claim of involuntariness. The *Chennault* case is an outgrowth of *People v Huntley* (15 NY2d 72) which, in turn, represents the efforts of the New York courts to establish a procedure to put into effect the requirement of *Jackson v Denno* (378 US 368) that a separate hearing be held as to the voluntariness of a confession to be received in evidence against a defendant at his trial. At the time of the *Huntley* and *Chennault* cases, the Legislature had not established a statutory procedural scheme by which a defendant could obtain the separate hearing mandated in *Jackson v Denno (supra).* In 1974 the Legislature enacted CPL article 255 (L 1974, ch 763, § 1), which sets forth the procedure by which a defendant must join all motions he might have for certain enumerated relief, one item of which is the suppression of evidence, or the defendant must show good cause for his failure to do so (see CPL 255.20, subd 3). Here, defendant never sought to suppress the confession under CPL 255.20 upon the ground that it was involuntarily made. In order to insure its continued viability, CPL article 255 must be strictly construed and enforced. Defendant has proffered no excuse whatever for his failure to raise the voluntariness issue in a timely manner. Having neglected to make a motion on this ground, he waived his right to a hearing concerning voluntariness. The court was, therefore, free to submit the issue to the jury without first conducting a separate hearing pursuant to *People v Chennault (supra).* The judgment should be affirmed. Hopkins, Acting P. J., Latham and Hawkins, JJ., concur; Cohalan and Titone, JJ., dissent and vote to hold the appeal in abeyance and remand the case to the County Court, Westchester County, for a

hearing as to the voluntariness of defendant's confession (see *People v Chennault,* 20 NY2d 518).