OPINION OF THE COURT
Martin Schneier, J.
In this case of first impression, the issue to be determined is whether certain statements made to civilians were involuntary and therefore inadmissible pursuant to CPL 60.45 (subd 1).
The defendants, Ronald Crowder, Toya Fishon, William Greene and Charles Thomas, are each charged with, inter alia, the crime of burglary in the first degree (Penal Law, § 140.30). Pursuant to CPL 60.45 and 710.20, the defendants move for an order suppressing statements made to two civilian witnesses, Hopeton Reid and Carlos Coleman, as being involuntary. A pretrial hearing was held on April 8, 1983, at which Hopeton Reid testified. Based on the credible evidence adduced at the hearing, the court makes the following findings of fact and conclusions of law:
FINDINGS OF FACT
On August 27,1982 at approximately 4:30 a.m., Hopeton Reid and Carlos Coleman (hereinafter the witnesses) observed the four defendants coming out of 2909 Avenue D, *468 Brooklyn, the residence of the victim. Reid called to them to stop, but they “started moving out.” The witnesses pursued the defendants in Coleman’s car. Coleman drove his car onto the sidewalk at Clarendon Road and Nostrand Avenue, blocking defendants Crowder and Thomas in front of a store. Reid jumped out of the passenger side holding a “crook lock” (a three-foot metal bar used to hook the steering wheel to the brake pedal). With the “crook lock” held up over his right shoulder, Reid backed defendants Crowder and Thomas into the entrance way of the store to prevent them from leaving. Coleman was behind Reid with his hand in his back pocket as if he had a weapon and told the two defendants not to move. Reid, who was approximately an arm’s length from defendants Crowder and Thomas then asked, “What have you done to the old man?” In response, defendants Crowder and Thomas made incriminating statements.
Reid then “ordered” the two defendants to come with him to see what happened. Shortly thereafter two police officers arrived and placed the defendants under arrest.
CONCLUSIONS OF LAW
“Evidence of a written or oral confession, admission, or other statement made by a defendant with respect to his participation or lack of participation in the offense charged, may not be received in evidence against him in a criminal proceeding if such statement was involuntarily made” (CPL 60.45, subd 1). An “involuntarily made” statement is one which is obtained from the defendant, “[b]y any person by the use or threatened use of physical force upon the defendant” (CPL 60.45, subd 2, par [a]; emphasis supplied). To determine whether the defendants’ will was overborne, the court must look at the “Totality of the circumstances’ ” (C lewis v Texas, 386 US 707, 708; People v Anderson, 42 NY2d 35). The test of involuntariness is when “self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confession.” (Culombe v Connecticut, 367 US 568, 602.) The People have the burden of proving the voluntariness of the statement, beyond a reasonable doubt (People v Valerius, 31 NY2d 51; People v Adams, 64 AD2d 712).
*469 In view of the circumstances surrounding the statements at issue, it is clear that the People have not sustained their heavy burden as to its voluntariness. It is uncontroverted that the witnesses elicited these statements from defendants Crowder and Thomas after chasing and detaining them against their will. Reid was holding a “crook lock” in a threatening manner while Coleman appeared to have a weapon in his pocket when they ordered defendants, Crowder and Thomas, not to move. Since the statements were made as a result of the “threatened use of physical force” they should be suppressed.
Accordingly, the defendants’ motion to suppress these statements is granted in all respects.