■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD M. GRILLO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered December 4, 1987, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to private citizens.

Ordered that the matter is remitted to the County Court,

Suffolk County, to hear and report on the voluntariness of the statements made by the defendant to private citizens pursuant to *People v Huntley* (15 NY2d 72), and the appeal is held in abeyance in the interim. The County Court, Suffolk County, is to file its report with all convenient speed.

Prior to trial, the defendant moved, *inter alia,* to suppress certain statements made at the home of the complainant where the alleged burglaries took place. The defendant argued that his statements were made under duress after he had been physically beaten and threatened by the complaining witness and a relative. The court denied the application for a *Huntley* hearing after noting that the alleged threats had been made by civilians and not by police officers.

Evidence of any statement made by the defendant with respect to his participation, or lack of participation in the offense charged, may not be received in evidence against him if such statement was "involuntarily made" (CPL 60.45 [1]). An "involuntarily made" statement is one obtained from the defendant "[b]y *any person* by the use or threatened use of physical force upon the defendant" (CPL 60.45 [2] [a] [emphasis supplied]). Although the trial court submitted the issue of voluntariness to the jury, the defendant was entitled to a pretrial hearing and judicial determination that the statements were voluntary beyond a reasonable doubt before their submission to the trial jury *(see, People v Huntley,* 15 NY2d 72, *supra; see also, People v Chennault,* 20 NY2d 518; *People v Crowder,* 119 Misc 2d 467). Accordingly, we hold the appeal in abeyance and remit the matter for a *Huntley* hearing.

The recent decision by the Court of Appeals in *People v Burts* (78 NY2d 20), does not apply to this case. The *Burts* case established that a conviction must be reversed and a new trial ordered, instead of holding the appeal in abeyance and remitting the matter for a hearing, when an independent source for eyewitness identification had not been proved prior to the trial that resulted in the conviction under review. A different rule applies to the failure to establish the voluntariness of the confession at a pretrial suppression hearing. Both the United States Supreme Court and the New York Court of Appeals have approved of the combined remedy of holding the appeal in abeyance and remitting the matter for a posttrial hearing to afford the defendant his right to a reliable judicial determination on the issue of voluntariness of a confession *(see, Jackson v Denno,* 378 US 368; *People v Huntley, supra; People v Concepcion,* 169 AD2d 944). Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.