People v Ceda (2024 NY Slip Op 50272(U))

[*1]

People v Ceda

2024 NY Slip Op 50272(U)

Decided on March 14, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Jose Ceda, Defendant.

Docket No. CR-014763-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
by: ADA Casey M. McIntyre
For the Defendant:
The Legal Aid Society
by: Katherine Kuhl, Esq.

Yadhira González-Taylor, J.

By motion dated, January 8, 2024, defendant, Jose Ceda, moves for an order deeming the People's Certificate of Compliance ("CoC"), filed October 5, 2023, invalid due to the prosecution's failure to disclose discoverable materials pursuant to CPL §§ 245.20 (1) and 245.50 (1) and for a ruling that the People's supplemental CoCs, filed October 6, 2023, and November 13, 2023, support a finding that the initial CoC should be invalidated; and further for dismissal of the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30.
Further, defendant contemporaneously moved for omnibus relief, requesting an order suppressing identification evidence pursuant to CPL §§ 710.20 (6), (4) and 710.60 or, alternatively granting a Wade/Dunaway hearing; granting a pre-trial voluntariness hearing concerning statements sought to be used only on cross-examination of defendant pursuant to CPL §§ 60.45, 710.20 (3) and 710.40 (3); granting a pre-trial voluntariness hearing concerning statements made to civilians pursuant to CPL §§ 60.45 (2), 710.20 (3); People v Grillo, 176 AD2d 346 [2d Dept 1991] and 710.40 (3); precluding the admission of evidence pursuant to CPL § 710.30; directing the prosecution to comply with defendant's request for a Bill of Particulars pursuant to CPL §§ 200.95 (2) and (5); directing the People to comply with their disclosure obligations pursuant to CPL §§ 245.55 (2) and (3) and to preserve and disclose complete records of the investigation and prosecution of the case, including 911 calls and police recordings; requiring the prosecution to comply with Brady/Vilardi requests; directing the prosecution to file an additional CoC pursuant to CPL § 245.35 (3) certifying that reasonable inquiries were made pursuant to CPL § 245.20 (1) (k); granting Sandoval hearing pursuant to CPL §§ 245.10 (1) (b) and 245.20 (3); and allowing defendant to reserve the right to file additional motions as necessary.
Upon review and consideration of the submissions, court file and relevant legal authority, [*2]the Court finds that the People's CoC dated, October 5, 2023, was VALID; and:
The People's supplemental CoCs filed October 6, 2023, and November 13, 2023, do not support a finding that their CoC should be invalidated; and
The prosecution pursuant to CPL §§ 170.30 (1) (e) and 30.30 was TIMELY; and
Defendant's motion to dismiss the accusatory instrument is DENIED; and
Defendant's motion for Wade/Dunaway/Huntley pre-trial hearings is GRANTED; and
Defendant's request for an order suppressing evidence pursuant to CPL §§ 710.20 (6), (4) and 710.60 is DENIED; and
Defendant's application seeking the right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3); and
Defendant's request for a Sandoval hearing is respectfully REFERED to the trial court; and
Defendant's right to move for preclusion for discovery pursuant to CPL § 245.80 is RESERVED for consideration by the trial court; and 
The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures.
RELEVANT PROCEDURAL BACKGROUND
On July 6, 2023, defendant, Jose Ceda, was arrested and charged with violating Criminal Procedure Law ("CPL") §§ 121.11 (a) (criminal obstruction of breathing or blood circulation), 120.00 (1) (assault in the third degree), 145.00 (1) (criminal mischief in the fourth degree), all misdemeanors, and 240.26 (1) (harassment in the second degree), a violation. On July 7, 2023, defendant was arraigned and released on his own recognizance.
The People filed their initial CoC and Statement of Readiness ("SoR") on October 5, 2023, which was supplemented by CoC and SoR dated October 6, 2023, with the disclosure of body worn camera ("BWC") video for Police Officer Melvin Rodriguez ("PO Rodriguez"). At a discovery conference held on November 1, 2023, before Honorable E. Deronn Bowen, defense counsel reported to the court that she and the assigned had conferred and that she was under advisement that the People were working with the officers and discovery liaisons to procure outstanding discovery, and the court ordered the prosecution to disclose discovery related to the complaining witness's contacts with law enforcement by November 15, 2023, and directed the two weeks to be excluded from chargeable time. 
On November 13, 2023, the People served a third CoC and SoR with "4 folders of DD5s, including Cases Numbered 2023-1843, 2023-965 and 2023-3002," the basis for which was stated as "despite the exercise of diligent, good faith efforts, this material was previously unavailable to the People, but now has been obtained by the People." At the discovery conference held on December 12, 2023, this Court noted that the assigned ADA reported that she had reached out to her discovery liaison for BWC, activity logs and DD5 reports for two officers who conducted a domestic home visit on the date of the alleged incident which precipitated defendant's arrest, to no avail, and the instant motion schedule was set. Defendant's motion was filed on January 8, 2024, the People filed their opposition on February 9, 2024, to which defense counsel replied on February 22, 2024.
DISCUSSION
I. Applicable Standard for CoC Challenge
To oppose a motion to dismiss which claims that the prosecution's CoC is illusory due to [*3]the prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]; People v Georgiopoulous, 71 Misc 3d 1215[A], 2021 NY Slip Op 50380[U], *6 [Sup Ct, Queens County 2021]; People v Valdez, 80 Misc 3d 544, 547 [Crim Ct, Kings County 2023]).
The Court of Appeals has now addressed the issue of how trial courts can evaluate prosecutorial due diligence in People v Bay, — NE3d &mdash, 2023 NY Slip Op 06407 [2023]. The Bay court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *15-16 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
II. The Parties' Arguments
Defendant avers that the prosecution's initial CoC filing should be deemed invalid because the People belatedly disclosed items subject to automatic disclosure and, specifically, have failed to disclose BWC, activity rolls and DD5 attachments related to home visits conducted by officers Mivoni Raphique ("PO Raphique") and Key D. Matias Castillo ("PO Castillo") on July 5, 2023; NYPD Entity report for the complainant (the "CW"); and the names of all responding officers to the CW's 911 call on June 26, 2023, and corresponding BWC, activity logs and roll calls (affirmation of defendant's counsel at 6). Next, defendant posits that the filing of supplemental CoCs evince the People's lack of diligent review of the discovery where they state that materials were previously unavailable to them (affirmation of defendant's counsel at 10).
Counsel argues that the People have failed to explain why items which they concede are discoverable still remain undisclosed, including records pertaining to domestic violence home visitations (affirmation of defendant's counsel at 10-12). Defendant further maintains that the record fails to demonstrate the requisite due diligence mandated by CPL §§ 245.20 (1) and 245.55 where counsel alerted the prosecution to discovery deficiencies pursuant to CPL § 245.50 (4) on October 18, 2023 and November 13, 2023 (affirmation of defendant's counsel at 13-14). Counsel argues that 145 days are chargeable to the People and, thus, the accusatory instrument should be dismissed for untimely prosecution (affirmation of defendant's counsel at 17). Lastly, defendant seeks an order suppressing or precluding evidence or, alternatively granting hearings to determine the admissibility of said evidence pursuant to Wade/Dunaway/Huntley and Sandoval, and directing the People to comply with their disclosure obligations pursuant to CPL §§ 245.55 (2) and (3), and Brady/Vilardi, and to file an additional CoC pursuant to CPL § 245.35 (3) (omnibus affirmation of defendant's counsel at 4-14).
Initially, the People maintain that complete compliance with CPL § 245.20 is not supported by statutory interpretation nor caselaw where the Legislature provided for the filing of a supplemental certificate of compliance to amend disclosures (People's affirmation at I, A 1-3). The prosecution also avers that their voluminous disclosure of NYPD paperwork, including [*4]Giglio materials, demonstrates their diligence and the reasonableness of their initial CoC filing (People's affirmation at I, B 1). The People assert that their disclosure of DD5s concerning a home visit to the CW the day before defendant's arrest was made in good faith because they were previously unaware that said items existed (People's affirmation at I, B 2). The People argue that they have continued to request discoverable items in response to defendant's demand but have not received the materials from NYPD despite entreaties made on November 21, 2023, December 11, 2023, January 4, 2024, and February 9, 2024 (People's affirmation at I, B 2). 
Lastly, the prosecution denies that defendant has demonstrated any prejudice resulting from belated disclosure, argues that only 89 days are chargeable to the People, consents to defendant's request for Wade/Huntley/Rodriguez pre-trial hearings, opposes defendant's request to reserve the right to file additional motions and for Dunaway/Sandoval/Molineaux/Ventimiglia suppression hearings and requests that Sandoval issues be referred to the trial court (People's affirmation at I, C and II-VI).
III. The Court's Analysis
Contrary to defense counsel's assertion that a CoC cannot be filed until the People have actually obtained and disclosed outstanding material to the defense, CPL § 245.60 provides that both the prosecution and the defendant have a continuing duty to disclose information which is subsequently (post-CoC filing) obtained (see CPL § 245.60; see also Bay, 2023 NY Slip Op 06407, *15-16). The Bay decision did not endorse a standard of strict compliance to gauge the prosecution's compliance with CPL § 245.20 disclosure obligations, but instead emphasized several factors that courts should consider to determine whether the prosecution exercised due diligence to discharge their mandated disclosures, including "the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (see Bay, 2023 NY Slip Op 06407, *16).
The record at bar demonstrates that:
On November 1, 2023, the assigned ADA emailed both PO Raphique and PO Castillo for BWC concerning their July 5, 2023 visit to the CW's home; and
On November 21, 2023, the assigned ADA emailed again to request BWC, activity logs, Entity Report and roll call logs concerning the same home visit, as well as any such documents related to the incident date, including any for Sgt. James Camberbatch, Sgt. Edwards and PO Arias Guzman; and
On December 11, 2023 at 9:39 am, the assigned ADA reiterated her document request and implored the NYPD recipients to "send me the listed materials or mark as does not exist;" and On December 11, 2023 at 5:08 pm, the assigned ADA emailed PO Raphique, PO Rodriguez, PO Castillo and PO Arias concerning the same documentation; and
On January 4, 2024, the assigned ADA emailed PO Raphique, PO Rodriguez, PO Castillo and PO Arias again concerning the same materials; and
On February 9, 2024, the assigned ADA resent her request to PO Raphique, PO Rodriguez, PO Castillo and PO Arias.
Despite her numerous entreaties to NYPD and to the specific officers presumed to have discoverable information, other than the DD5s disclosed with the People's second SCoC filing on November 13, 2023, the assigned ADA has not been able to procure materials concerning the [*5]home visit which preceded defendant's arrest. However, although records made by or at the request of persons engaged in law enforcement are undoubtedly considered to be within the prosecution's possession, custody or control pursuant to CPL § 245.20 (1), considered through the lens of the Bay decision, it cannot be credibly argued that the People did not exercise due diligence to repeatedly ascertain the existence of discoverable material or information responsive to defendant's requests, after the November discovery conference and until the filing of their opposition to the instant motion, to no avail (see Bay, 2023 NY Slip Op 06407, *16). At this juncture, it could be presumed that the outstanding materials have either been lost or destroyed, and it is respectfully submitted that defendant's right to argue for preclusion of evidence concerning materials related to pre-arrest domestic home visits to the CW should be referred to the sound discretion of the trial court for consideration of the suitability for remedy or sanction which is appropriate to the prejudice suffered by defendant pursuant to CPL § 245.80.
Further, the Court is unpersuaded by defense counsel's argument that the filing of supplemental CoCs ipso facto renders the initial CoC illusory, particularly where the facts at bar establish that the People were directed to amend their disclosures which, pursuant to CPL § 245.50 (1), required the filing of a supplemental certificate to identify the additional material and information provided (see CPL § 245.50 [1], [1-a] and CPL § 245.60). Counsel should not be heard to argue for continued diligence yet complain that the disclosure of supplemental materials pursuant to a court directive, and to CPL § 245.60, should impugn how the Court deems the prosecution's discharge of CPL § 245.20 (1) automatic discovery (see CPL § 245.60). Here, given the balance of equities enunciated by the Bay Court, and the volume of discovery already provided by the People, the response of the assigned prosecutor when apprised of the deficiency, and the continual efforts to confirm the existence of discoverable material, we find the record establishes that the People have exercised due diligence, reasonableness and good faith.
Accordingly, the People's CoC filing on October 6, 2023, was valid.
IV. The CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 [1] [b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d at 78).
In the case at bar, the People's 30.30 calculation commenced on July 8, 2023, the day after defendant's arraignment. When the People filed a valid CoC on October 5, 2023, they declared their readiness for trial and stopped their speedy-trial clock. Hence, the People were ready for trial 89 days after arraignment, within their statutorily allotted time (see CPL § 30.30 [1] [b]). Defendant's motion to dismiss the accusatory instrument is denied.
V. Defendant's Request for an Order Granting Other Relief
Defendant's request for an order suppressing evidence pursuant to CPL §§ 710.20 (6), (4) and 710.60 is denied. However, defendant's application seeking the right to make further motions is granted to the extent provided by CPL § 255.20 (3).
Defendant's request for a Sandoval hearing is respectfully referred to the trial court. Lastly, the People are directed to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures.
CONCLUSION
Based upon the foregoing, the People's CoC filed October 5, 2023, was valid and the [*6]supplemental CoC filings on October 6, 2023 and November 13, 2023, do not support a finding that their CoC should be invalidated; and further:
The prosecution pursuant to CPL §§ 170.30 (1) (e) and 30.30 was TIMELY; and
Defendant's motion to dismiss the accusatory instrument is DENIED; and
Defendant's motion for Wade/Dunaway/Huntley pre-trial hearings is GRANTED; and
Defendant's request for an order suppressing evidence pursuant to CPL §§ 710.20 (6), (4) and 710.60 is DENIED; and
Defendant's application seeking the right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3); and
Defendant's request for a Sandoval hearing is respectfully REFERED to the trial court; and
Defendant's right to move for preclusion for discovery pursuant to CPL § 245.80 is RESERVED for consideration by the trial court; and The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures.
Dated: March 14, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.